

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERT CARDEW,

          Petitioner,

-against-

UNITED STATES DEPARTMENT OF
JUSTICE, FEDERAL BUREAU OF PRISONS –
METROPOLITAN DETENTION CENTER,

          Respondent.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-3134 (FB) (LB)

*Appearances:*
*For the Petitioner:*
ROBERT CARDEW, *pro se*
82C0739
Auburn Correctional Facility
Post Office Box 618
Auburn, New York 13024-0618

*For the Respondent:*
KEISHA-ANN G. GRAY, ESQ.
Assistant United States Attorney
147 Pierrepont Street
Brooklyn, New York 11201

**BLOCK, District Judge:**

        Petitioner, Robert Cardew ("Cardew"), seeks, pursuant to 28 U.S.C. § 1361, a writ of mandamus compelling respondent, United States Department of Justice, Federal Bureau of Prisons – Metropolitan Detention Center ("BOP"), to garnish the inmate trust-fund account of John Gialanella ("Gialanella") to satisfy a money judgment allegedly entered by a New York State court against Gialanella and in favor of Cardew. Cardew alleges that Gialanella is in BOP's custody.

        By letter dated August 16, 2005, BOP moved to dismiss the petition as moot. By affidavit, a BOP employee has affirmed that Gialanella was released from BOP's custody five days before the petition was filed and that, as a result, BOP does not control

Gialanella's funds.[1]

A case becomes moot when, *inter alia*, "it becomes impossible for the courts to redress [an] injury through the exercise of their remedial powers." *Fund for Animals v. Babbitt*, 89 F.3d 128, 133 (2d Cir. 1996). With certain exceptions not pertinent here, "[w]henever mootness occurs, the court – whether trial, appellate, or Supreme – loses jurisdiction over the suit, which therefore must be dismissed." *Russman v. Board of Educ.*, 260 F.3d 114, 118-19 (2d Cir. 2001). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings[.]" *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002).

It appears that the present case is moot. A writ of mandamus requiring BOP to garnish Gialanella's trust-fund account can afford Cardew no meaningful relief if, as it appears, it has no control over such an account.

Before dismissing the petition as moot, however, the Court must give Cardew an opportunity to be heard and submit evidence on the issue. *See Greenery Rehab. Group, Inc. v. Sabol*, 841 F. Supp. 58, 61 (W.D.N.Y. 1993) (noting that both "the movant and the pleader may use affidavits" to support and oppose motion to dismiss for lack of jurisdiction); *see also* 5B Wright & Miller, *Federal Practice & Procedure* § 1350 n.59 (3d ed. 2004) (collecting cases requiring opportunity to be heard on jurisdictional issue). Cardew is therefore directed to show cause, within thirty (30) days of the date of this Memorandum

---

[1] According to the New York State Department of Correctional Services' website, Gialanella is currently in state custody at the Sullivan Correctional Facility in Fallsburg, New York. *See* http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130 (last visited Oct. 5, 2005).

and Order, why his petition should not be dismissed as moot; his response may include affidavits or other evidentiary material.

**SO ORDERED.**

/s/ FREDERIC BLOCK
United States District Judge

Brooklyn, New York
October 6, 2005