UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x

ROBERT CARDEW,

Petitioner,

-against-

UNITED STATES DEPARTMENT OF
JUSTICE, FEDERAL BUREAU OF PRISONS –
METROPOLITAN DETENTION CENTER,

Respondent.

------------------------------------------------x



**MEMORANDUM AND ORDER**
Case No. 05-CV-3134 (FB) (LB)

*Appearances:*
*For the Petitioner:*
ROBERT CARDEW, *pro se*
82C0739
Auburn Correctional Facility
Post Office Box 618
Auburn, New York 13024-0618

*For the Respondent:*
KEISHA-ANN G. GRAY, ESQ.
Assistant United States Attorney
147 Pierrepont Street
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Petitioner, Robert Cardew ("Cardew"), seeks, pursuant to 28 U.S.C. § 1361, a writ of mandamus compelling respondent, United States Department of Justice, Federal Bureau of Prisons – Metropolitan Detention Center ("BOP"), to garnish the inmate trust-fund account of John Gialanella ("Gialanella") to satisfy a money judgment allegedly entered by a New York State court against Gialanella and in favor of Cardew. BOP has moved to dismiss the petition as moot on the ground that Gialanella was released from BOP's custody five days before the petition was filed and that, as a result, BOP does not control Gialanella's funds.[1]

---

[1] According to the New York State Department of Correctional Services' website, Gialanella is currently in state custody at the Sullivan Correctional Facility in Fallsburg,

By Memorandum and Order dated October 6, 2005, the Court directed Cardew to show cause why his petition should not be dismissed as moot. In response, Cardew concedes that "Mr. Gialanella is no longer in the custody of [BOP]," that BOP "would not have any control over Mr. Gialanella's monetary funds any longer," and that "this issue is now moot." Cardew Affirmation ¶¶ 3-4. He asserts, however, that "[if] in the future, the United States Attorney has plans to bring Mr. Gialanella back into the custody of [BOP], then this problem may arise again[.]" *Id.* ¶ 5.

As noted in the Court's October 6 Memorandum and Order, a case becomes moot when, *inter alia*, "it becomes impossible for the courts to redress [an] injury through the exercise of their remedial powers." *Fund for Animals v. Babbitt*, 89 F.3d 128, 133 (2d Cir. 1996). Cardew concedes, as he must, that an order directing BOP to garnish an inmate account over which it has no control would not provide meaningful relief.

Cardew appears to invoke the rule that "a claim does not become moot where it is capable of repetition, yet evades review." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). "The capable-of-repetition doctrine applies only in exceptional situations where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (citations, alterations and internal quotation marks omitted).

---

New York. *See* http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130 (last visited Dec. 30, 2005).

2

The Court need not decide whether the first circumstance is present in Cardew's case because the second clearly is not. Cardew has offered nothing other than speculation that Gialanella might return to BOP custody in the future. "[M]ere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence." *Dennin v. Connecticut Interscholastic Athletic Conference, Inc.*, 94 F.3d 96, 101 (2d Cir. 1996) (citation and internal quotation marks omitted); *see also Russman v. Board. of Educ.*, 260 F.3d 114, 120 (2d Cir. 2001) ("To create a reasonable expectation of recurrence, repetition must be more than theoretically possible.").

Thus, the case does not fit within the "capable of repetition, yet evading review" exception and must be dismissed for lack of jurisdiction. *See Russman*, 260 F.3d at 118-19 ("Whenever mootness occurs, the court – whether trial, appellate, or Supreme – loses jurisdiction over the suit, which therefore must be dismissed."). Such dismissal does not, however, preclude Cardew from pursuing another action in the future should circumstances warrant. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
January 3, 2006